IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:22-cr-00032-BHH |
| | ) | |
| v. | ) | |
| | ) | |
| ALONZO MARKELL JENKINS | ) | |

**PRELIMINARY ORDER OF FORFEITURE**
**AS TO ALONZO MARKELL JENKINS**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Alonzo Markell Jenkins, ("Jenkins", "Defendant"), based upon the following:

1. On January 11, 2022, an Indictment ("Indictment") was filed charging Jenkins with:

    Counts 1, 4 and 7:   Possession of firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § § 922(g)(1), 924(a)(2) and 924(e);

    Counts 2 and 8:   Possession with intent to distribute a quantity of marijuana, a quantity of cocaine base and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § § § 841(a)(1) and (b)(1)(C);

    Counts 3, 6 and 9:   Possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i);

    Count 5:   Possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine and hydrocodone, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(C).

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Defendant's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

    A.    <u>Firearms</u>:

1. Glock 22. 40 caliber pistol
   Serial Number: XNY906

2. PSA multi caliber rifle
   Serial Number: HP023540

3. Maverick Arms, Model 88, 12 gauge shotgun
   Serial Numbers: MV71115U

4. Taurus Judge .45 caliber revolver[1]
   Serial Number: Unknown

5. Romarm/Cugir Micro Draco 7.62x39 caliber pistol
   Serial Number: PMD-17052-19

6. S&W, Model 60, .38 caliber revolver
   Serial Number: BKD1230

7. S&W M&P Shield .38 caliber revolver
   Serial Number: NDN3723

8. Taurus, Model PT140 Millennium G2, .40 caliber pistol
   Serial Number: SGX98902

9. Glock, 30S, .45 caliber pistol[2]
   Serial Number: YVW267

10. Glock, 43, 9mm pistol with two magazines[3]
    Serial Number: ABTM232

---

[1] The Taurus Judge .45 caliber revolver is stolen and will be returned to the owner at the conclusion of this case.

[2] The Glock 30S .45 caliber pistol is stolen and will be returned to the owner at the conclusion of this case.

[3] The Glock 43 pistol with two magazines is stolen and will be returned to the owner at the conclusion of this case.

      11. S&W 9mm pistol[4]
        Serial Number: Unknown

      12. PSA multi caliber[5]
        Serial Number: Unknown12

  B.  Ammunition/Magazines:

     Miscellaneous rounds of 9mm, .40 caliber, 7.62x39, 410 gauge, .223 and .45 caliber ammunition and firearm magazines

  C.  Forfeiture Judgment:[6]
     A sum of money equal to all property the Defendant obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of his violation of 21 U.S.C. § 841.

3. On October 23, 2024, the case proceeded to trial and a jury found Alonzo Jenkins guilty of Count 4 of the Indictment.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Jenkins has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant,

---

[4] The Smith & Wesson 9mm pistol is stolen and will be returned to the owner at the conclusion of this case.
[5] The PSA multi caliber handgun is stolen and will be returned to the owner at the conclusion of this case.
[6] The government is not pursuing a forfeiture judgment against Defendant.

Alonzo Markell Jenkins, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

    A.    <u>Firearms:</u>

1. Glock 22. 40 caliber pistol
   Serial Number: XNY906
   Asset ID: 22-ATF-015693

2. Palmetto State Armory PA-15 pistol
   CAL.: MULTI  Serial Number: HP023540
   Asset ID: 22-ATF-015700

3. Maverick Arms, Model 88, 12 gauge shotgun
   Serial Numbers: MV71115U
   Asset ID: 22-ATF-015701

4. Romarm/Cugir Micro Draco 7.62x39 caliber pistol
   Serial Number: PMD-17052-19
   Asset ID: 22-ATF-015699

5. S&W, Model 60, .38 caliber revolver
   Serial Number: BKD1230
   Asset ID: 22-ATF-015697

6. S&W M&P Shield .38 caliber revolver
   Serial Number: NDN3723
   Asset ID: 22-ATF-015696

7. Taurus, Model PT140 Millennium G2, .40 caliber pistol
   Serial Number: SGX98902
   Asset ID: 22-ATF-015698

    B.    <u>Ammunition/Magazines:</u>

1. 45 rounds Assorted ammunition
   CAL.: .40
   Asset ID: 22-ATF-015695

    2.    87 rounds Assorted ammunition
CAL.: MULTI
Asset ID: 22-ATF-015702

    3.    67 rounds Assorted ammunition
CAL.: MULTI
Asset ID: 22-ATF-015703

    4.    28 rounds Assorted ammunition
CAL.: .223
Asset ID: 22-ATF-015704

    5.    39 rounds Assorted ammunition
CAL.: .762
Asset ID: 22-ATF-015705

    6.    25 rounds Assorted ammunition
CAL.: .410
Asset ID: 22-ATF-015706

    7.    2 rounds Tula Cartridge Works-Russia ammunition
CAL.: .762
Asset ID: 20-ATF-034310

    8.    20 rounds Federal ammunition
CAL.: .38
Asset ID: 20-ATF-034311

    9.    88 rounds Assorted ammunition
CAL.: .223
Asset ID: 21-ATF-039241

2. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

3. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in

the said property.

4. Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

5. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(e).

6. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(e)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.     Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

11.     The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                                              s/ Bruce Howe Hendricks
                                                              BRUCE HOWE HENDRICKS
                                                               UNITED STATES DISTRICT JUDGE

November 21, 2024
Charleston, South Carolina