AO 245B (SCDC Rev.10/20) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| | Case Number: 2:22-cr-00032-BHH |
| **ALONZO MARKELL JENKINS** | USM Number: 82391-509 |
| | Defendant's Attorney: G. Wells Dickson, Jr., CJA |

**THE DEFENDANT:**

☐ pleaded guilty to count _____ of the Information.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☒ was found guilty on count __4__ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Please see Indictment | January 11, 2022 | 4 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.
☒ Remaining counts dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

April 29, 2025
Date of Imposition of Judgment

s/ Bruce Howe Hendricks
Signature of Judge

Bruce Howe Hendricks, United States District Judge
Name and Title of Judge

May 2, 2025
Date

AO 245B (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 2 - Imprisonment                                                                                                   Page 2 of 6

DEFENDANT: Alonzo Markell Jenkins
CASE NUMBER: 2:22-cr-00032-BHH

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 120 months. It appears the defendant does not have the ability to pay a fine; therefore, the fine is waived. The defendant shall pay the mandatory $100 special assessment fee.

☒  The court makes the following recommendations to the Bureau of Prisons: Defendant shall be screened for any available vocational and educational programs.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____.
    ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:


Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 3- Supervised Release                                                                                         Page 3 of 6

DEFENDANT:      Alonzo Markell Jenkins
CASE NUMBER: 2:22-cr-00032-BHH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three (3) years. While on supervised release, the defendant shall comply with the mandatory conditions and the standard conditions of supervision as well as the following special conditions. 1. You must submit to substance abuse testing to determine if you have used a prohibited substance.  2. You must satisfactorily participate in and successfully complete an [inpatient/outpatient] substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program. 3. You must satisfactorily participate in and successfully complete a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity). 4. You must take all mental health medications that are prescribed by your treating physician. 5. You must participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and life skills development training. 6. You must contribute to the cost of any substance abuse testing, treatment, location monitoring, and/or other program services if ordered as a condition of supervision not to exceed the amount determined reasonable by the Court-approved U.S. Probation Office's "Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program of domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 3A- Supervised Release                                                                                                                    Page 4 of 6
DEFENDANT: Alonzo Markell Jenkins
CASE NUMBER: 2:22-cr-00032-BHH

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer.  If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or job responsibilities), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines, based on your criminal record, personal history or characteristics, that you pose a risk to another person (including an organization), the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____        Date _____

AO 245B (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                                                                                                       Page 5 of 6

DEFENDANT: Alonzo Markell Jenkins
CASE NUMBER: 2:22-cr-00032-BHH

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---------|------------|-------------|------|------------------|-------------------|
| TOTALS  | $100.00    | $           | $    | $                | $                 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---------------|---------------|---------------------|------------------------|
|               |               |                     |                        |
|               |               |                     |                        |
|               |               |                     |                        |
|               |               |                     |                        |
|               |               |                     |                        |
|               |               |                     |                        |
|               |               |                     |                        |
|               |               |                     |                        |
|               |               |                     |                        |
| TOTALS        | $             | $                   |                        |

☐ Restitution amount ordered pursuant to plea agreement    $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ The interest requirement is waived for the ☐ fine ☐ restitution.
  ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

2:22-cr-00032-BHH   Date Filed 05/02/25   Entry Number 183   Page 6 of 13

AO 245B (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 6-Schedule of Payments                                                                                                                                Page 6 of 6

DEFENDANT: Alonzo Markell Jenkins
CASE NUMBER: 2:22-cr-00032-BHH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of  $100.00 special assessment  due immediately.

   ☐ not later than _____ , or

   ☐ in accordance with   ☐ C,    ☐ D, or    ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (weekly, monthly, quarterly)  installments of $_____ over a period of
       (e.g., months or years), to commence _____  (e.g., 30 or 60 days)  after the date of this judgment; or

D  ☐  Payment in minimum monthly installments of $_____ to commence 60 days after release from imprisonment.

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from
       imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at
       that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

| Case Number and Namess: | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐   The defendant shall pay the cost of prosecution.
☐   The defendant shall pay the following court cost(s):
☒   The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed  _November 22, 2024_  and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:22-cr-00032-BHH |
| | ) | |
| v. | ) | |
| | ) | |
| ALONZO MARKELL JENKINS | ) | |

**PRELIMINARY ORDER OF FORFEITURE**
**AS TO ALONZO MARKELL JENKINS**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Alonzo Markell Jenkins, ("Jenkins", "Defendant"), based upon the following:

1. On January 11, 2022, an Indictment ("Indictment") was filed charging Jenkins with:

    <u>Counts 1, 4 and 7</u>:    Possession of firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § § 922(g)(1), 924(a)(2) and 924(e);

    <u>Counts 2 and 8</u>:    Possession with intent to distribute a quantity of marijuana, a quantity of cocaine base and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § § § 841(a)(1) and (b)(1)(C);

    <u>Counts 3, 6 and 9</u>:    Possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i);

    <u>Count 5</u>:    Possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine and hydrocodone, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(C).

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Defendant's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

    A.    <u>Firearms:</u>

1. Glock 22. 40 caliber pistol
   Serial Number: XNY906

2. PSA multi caliber rifle
   Serial Number: HP023540

3. Maverick Arms, Model 88, 12 gauge shotgun
   Serial Numbers: MV71115U

4. Taurus Judge .45 caliber revolver[1]
   Serial Number: Unknown

5. Romarm/Cugir Micro Draco 7.62x39 caliber pistol
   Serial Number: PMD-17052-19

6. S&W, Model 60, .38 caliber revolver
   Serial Number: BKD1230

7. S&W M&P Shield .38 caliber revolver
   Serial Number: NDN3723

8. Taurus, Model PT140 Millennium G2, .40 caliber pistol
   Serial Number: SGX98902

9. Glock, 30S, .45 caliber pistol[2]
   Serial Number: YVW267

10. Glock, 43, 9mm pistol with two magazines[3]
    Serial Number: ABTM232

---

[1] The Taurus Judge .45 caliber revolver is stolen and will be returned to the owner at the conclusion of this case.

[2] The Glock 30S .45 caliber pistol is stolen and will be returned to the owner at the conclusion of this case.

[3] The Glock 43 pistol with two magazines is stolen and will be returned to the owner at the conclusion of this case.

    11. S&W 9mm pistol[4]
      Serial Number: Unknown

    12. PSA multi caliber[5]
      Serial Number: Unknown12

  B.  Ammunition/Magazines:

    Miscellaneous rounds of 9mm, .40 caliber, 7.62x39, 410 gauge, .223 and .45 caliber ammunition and firearm magazines

  C.  Forfeiture Judgment:[6]
    A sum of money equal to all property the Defendant obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of his violation of 21 U.S.C. § 841.

3. On October 23, 2024, the case proceeded to trial and a jury found Alonzo Jenkins guilty of Count 4 of the Indictment.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Jenkins has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant,

---

[4] The Smith & Wesson 9mm pistol is stolen and will be returned to the owner at the conclusion of this case.

[5] The PSA multi caliber handgun is stolen and will be returned to the owner at the conclusion of this case.

[6] The government is not pursuing a forfeiture judgment against Defendant.

Alonzo Markell Jenkins, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

- A. <u>Firearms:</u>

    1. Glock 22. 40 caliber pistol
       Serial Number: XNY906
       Asset ID: 22-ATF-015693

    2. Palmetto State Armory PA-15 pistol
       CAL.: MULTI  Serial Number: HP023540
       Asset ID: 22-ATF-015700

    3. Maverick Arms, Model 88, 12 gauge shotgun
       Serial Numbers: MV71115U
       Asset ID: 22-ATF-015701

    4. Romarm/Cugir Micro Draco 7.62x39 caliber pistol
       Serial Number: PMD-17052-19
       Asset ID: 22-ATF-015699

    5. S&W, Model 60, .38 caliber revolver
       Serial Number: BKD1230
       Asset ID: 22-ATF-015697

    6. S&W M&P Shield .38 caliber revolver
       Serial Number: NDN3723
       Asset ID: 22-ATF-015696

    7. Taurus, Model PT140 Millennium G2, .40 caliber pistol
       Serial Number: SGX98902
       Asset ID: 22-ATF-015698

- B. <u>Ammunition/Magazines:</u>

    1. 45 rounds Assorted ammunition
       CAL.: .40
       Asset ID: 22-ATF-015695

  2. 87 rounds Assorted ammunition
    CAL.: MULTI
    Asset ID: 22-ATF-015702

  3. 67 rounds Assorted ammunition
    CAL.: MULTI
    Asset ID: 22-ATF-015703

  4. 28 rounds Assorted ammunition
    CAL.: .223
    Asset ID: 22-ATF-015704

  5. 39 rounds Assorted ammunition
    CAL.: .762
    Asset ID: 22-ATF-015705

  6. 25 rounds Assorted ammunition
    CAL.: .410
    Asset ID: 22-ATF-015706

  7. 2 rounds Tula Cartridge Works-Russia ammunition
    CAL.: .762
    Asset ID: 20-ATF-034310

  8. 20 rounds Federal ammunition
    CAL.: .38
    Asset ID: 20-ATF-034311

  9. 88 rounds Assorted ammunition
    CAL.: .223
    Asset ID: 21-ATF-039241

  2. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

  3. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in

the said property.

4.      Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

5.      Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(e).

6.      Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(e)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.      The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9.      The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

11. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                                s/ Bruce Howe Hendricks
                                                BRUCE HOWE HENDRICKS
                                                UNITED STATES DISTRICT JUDGE

November 21, 2024
Charleston, South Carolina